UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ORLESTER JOHNSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:14-CV-2042-WCL-PRC |
| | ) | |
| THE RIDGE COMPANY, | ) | |
|     Defendant. | ) | |

### FINDINGS, REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE PURSUANT TO
### 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a Motion for Sanctions [DE 38], filed by Defendant The Ridge Company on August 5, 2015. Plaintiff Orlester Johnson, *pro se*, has filed no response, and the time to do so has passed.

On October 6, 2015, District Court Judge William C. Lee entered an Order [DE 48] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report and Recommendation constitutes the undersigned Magistrate Judge's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

### BACKGROUND

On March 11, 2015, Defendant served interrogatories and requests for production on Plaintiff, who was represented by counsel at the time. The parties agreed to extend the deadline to respond to May 8, 2015.

On April 20, 2015, Defendant served a set of requests for admissions and a second set of interrogatories on Plaintiff.

In late April 2015, Plaintiff's counsel advised Defendant's counsel that Plaintiff's counsel would be withdrawing from the case and that Plaintiff had been provided a copy of all discovery requests. On May 13, 2015, a hearing was held on the Motion to Withdraw. Though Plaintiff had been ordered to appear personally at the hearing, he failed to do so. Plaintiff later filed a notice that he intended to retain new counsel. On June 24, 2015, the Court granted the Motion to Withdraw and extended Plaintiff's deadline to respond to pending discovery to July 24, 2015, with both parties to submit status reports by July 8, 2015.

Plaintiff did not file a status report by the deadline, but on July 15, 2015, Plaintiff filed a Motion for Extension of Time to File, which the Court denied, finding no good cause shown.

Plaintiff did not respond to the pending discovery requests by the July 24, 2015 deadline.

Defendant filed the instant Motion on August 5, 2015. The Court ordered Plaintiff to submit a written status report by August 27, 2015, explaining why the case should not be dismissed. On August 24, 2015, Plaintiff sent a letter to the Court asking for arbitration. In response, the Court held a settlement conference on September 30, 2015, which did not result in settlement.

**ANALYSIS**

Federal Rule of Civil Procedure 37 provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). The available sanctions are any of those listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

justified or other circumstances make an award of expenses unjust." *Id*. While Defendant requests that the Court exercise its discretion in choosing among all of the available sanctions, Defendant specifically highlights the possible sanctions of dismissal and award of reasonable expenses.

The decision of whether to award sanctions under Rule 37 is a matter within the Court's discretion. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). In deciding to award sanctions under Rule 37, a court is not required to choose the least severe sanction available; rather, the sanction that the Court selects "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Id*. (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 n.5 (7th Cir. 1998)). The sanction of dismissal is to be used only in extreme situations. *Sebastiano v. Swift Transp. Co., Inc.*, No. 08 C 2074, 2009 WL 277552, at *2 (N.D. Ill. Feb. 5, 2009). "[A] Rule 37(b)(2)[(A)(v)] dismissal . . . requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." *Id*. (quoting *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997)).

Plaintiff has yet to respond to the interrogatories, requests for production, and requests for admission served on him in March and April 2015. His deadline to respond was extended multiple times but has now passed without Plaintiff responding. However, the Court notes that Plaintiff is currently proceeding in this case *pro se* and has tried to retain new counsel after the withdrawal of his previous counsel's appearance. While Plaintiff has not responded to the discovery, he did seek an extension of the deadline before it ultimately expired and also, in response to the instant motion, requested the Court's involvement in efforts to settle the case.

The facts do not indicate willfulness, bad faith, or fault on the part of Plaintiff sufficient to warrant dismissal at this stage of the litigation. Rather, at this time, the appropriate sanction is an

award of reasonable expenses, including attorney fees, caused by Plaintiff's noncompliance with the rules of discovery.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Sanctions [DE 38]. The Court **RECOMMENDS** that the District Court award reasonable expenses, including attorney fees, against Plaintiff and in favor of Defendant for

1. the time and expense incurred as a result of Plaintiff's lack of response to the discovery served on him, and

2. the costs incurred in bringing this motion.

The Court **RECOMMENDS** that the District Court, if it does not impose the sanction of dismissal, grant Plaintiff a final, 28-day extension in which to file responses to the outstanding discovery requests and warn Plaintiff that failure to respond to the discovery requests may result in dismissal pursuant to Federal Rule of Civil Procedure 37(b).

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The*

*Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 7th day of October, 2015.

/s Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT